MELVIN L. GRAY, Appellant, *v.* JAMES FOX *et al.*, Respondents.

1. *Attorney at law — Privileged communications — Deeds and Notes.* — An attorney at law cannot be called upon to testify respecting the condition and appearance of a deed of trust and the trust notes at the time when they were committed to him to bring suit of foreclosure upon. That the communications to the attorney were made in the form of deeds or notes, does not exclude them from the protection of the statute and the general principle affecting privileged communications.

*Appeal from St. Louis Circuit Court.*

*Colvin & Moody,* for appellant.

*Donahue,* for respondents.

I. The knowledge which Colvin acquired in this case was by means of his employment as an attorney; and whether this was by a verbal statement of the case, or by an inspection of the papers presented, is immaterial. (1 Greenl. Ev. §§ 240, 241; Brown v. Payson, 6 N. H. 446–448; Wheatley v. Williams, 1 Mees. & W. 540; Coveney v. Tannahill *et al.*, 1 Hill, 33; Johnson v. Sullivan, 23 Mo. 480; Hill v. Lyon, 27 Mo. 576; 1 Greenl. Ev. §§ 237–245; Gen. Stat. 1865, p. 587, § 7.) Communications made to an attorney employed to foreclose a mortgage by advertisement and sale, such communication having relation to the business of the foreclosure, are considered as confidential communications between attorney and client, and they

are entitled to the protection of that relation.    (1 Phil. Ev. pp. 144, 145, 148, notes 67, 69.)

CURRIER, Judge, delivered the opinion of the court

This is a petition in the nature of a bill in equity.    It seeks to have two deeds conveying real estate in St. Louis set aside on the ground of fraud.    The first deed that is sought to be set aside was executed by the defendant James Fox to James B. Hallam, as the trustee of Bridget Connelly, Fox's sister, purporting to secure three promissory notes for $500 each, executed by Fox and payable to Mrs. Connelly.    The second was executed by the sheriff, under an appointment by the court to carry into effect the trust created in the first deed.    The answer put in issue the allegations of the petition charging fraud.    At the hearing, John W. Colvin was called as a witness for the plaintiff, and testified that he was a lawyer; that Fox and Mrs. Connelly applied to him to foreclose the aforesaid deed of trust, and that he took the business in charge and procured the appointment of the sheriff, on application to the Circuit Court, in place of the original trustee, to execute the trust.    The defendants objected to the witness stating the condition and appearance of the notes and deed of trust at the time they were exhibited to him, on the occasion of his employment, on the ground that he was consulted as an attorney.    The objection was sustained by the court, and the testimony ruled out.    The plaintiff's counsel then asked the witness whether the notes were at that time in blank or filled up.    This question was objected to by the defendants on the same ground.    The court sustained the objection and excluded the testimony.    The only specific ground of exception to the action of the Circuit Court urged in the appellant's brief filed in the cause is based on its action in excluding testimony as above stated.    It is insisted that the witness, in his relation to Fox and Mrs. Connelly, was not necessarily acting as counsel or attorney, and that, if he was, the testimony sought to be elicited did not require the disclosure of anything "communicated" to him, or his "advice thereon," within the meaning of the statute.    (Gen. Stat. 1865, p. 587, § 8.)    Colvin was an attorney, and was applied to by Fox and Mrs.

Connelly to transact professional business in their behalf, involving not merely the drawing of papers and general counsel, but an application to the court for an order appointing the sheriff in the place of the original trustee to carry into effect the purposes of the trust deed. It is very clear that he was approached in his professional character as an attorney to transact legitimate professional business, and that he acted and was communicated with in that character; and it is hardly less obvious that whatever communications were made to him in that character were privileged and under the protection of the statute. It has been held that where an attorney is consulted merely as a conveyancer, the communications made to him in that capacity come within the rule of protection, even though he was employed as the mutual adviser and counsel of both parties. (1 Greenl. Ev. § 241, and cases cited ) And it has been said that it would be most mischievous if it could be doubted whether or not an attorney consulted upon a man's title to an estate were at liberty to disclose a flaw. Such disclosures, it is apparent, would go far to defeat the purpose of the rule which requires that "the entire professional intercourse between client and attorney, whatever it may have consisted in, should be protected by profound secrecy." (1 Greenl. Ev. § 240.)

In Brown v. Payson, 6 N. H. 443, it was held by Judge Parker, upon an elaborate review of the authorities, that an attorney cannot be called upon to testify respecting the situation of an instrument at the time it was committed to him to bring a suit upon, as the notes and deed of trust in this case were committed to Mr. Colvin to foreclose. To the same effect is Wheatley v. Williams, 1 Mees. & W. 533; and so in Coveney v. Tannahill *et al.*, 1 Hill, 33. That the communications to Mr. Colvin were made in the form of written instruments, as deeds or notes, does not exclude them from the protection of the statute and the general principle affecting privileged communications. The particular form of the communication is unimportant.

There was no error in the action of the court on this subject; and as an inspection of the whole record fails to disclose any sufficient reason for disturbing the judgment of the Circuit Court, it is affirmed. The other judges concur.